UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Johnny Morgan,<br><br>　　　　　　Plaintiff,<br><br>-against-<br><br>Equifax Information Services LLC;<br>American Honda Finance Corporation;<br><br>　　　　　　Defendant(s). | Case No. 3:25-cv-960<br><br>**COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL** |

Plaintiff Johnny Morgan, by and through his counsel, Stein Saks, PLLC, and as for this Complaint against Defendants Equifax Information Services LLC ("Equifax"), and American Honda Finance Corporation ("Honda" or "Furnisher"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p et seq.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., also known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of New York in the County of Hartford.

5. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

1

6. Defendant Equifax Information Services LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district.

7. Equifax is a Georgia corporation registered to do business in this State and may be served with process upon the Corporation Service Company, its registered agent for service of process at 80 State St, Albany, NY 12207-2541.

8. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a(p).

9. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Honda is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and has an address for service c/o Corporation Service Company, located at 80 State St., Albany, NY 12207.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates by reference paragraphs numbered 1-10 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

12. On or about December 13, 2021, Plaintiff entered into an agreement with Honda to lease a motor vehicle (account number as xxxxx8531, hereinafter referred to as the "Account").

13. Plaintiff made timely payments to Honda every month.

14. On or about July 2022, Plaintiff discovered that bills resulting from toll and traffic violation for this car were being directed to Honda instead of Plaintiff, resulting in Honda paying for those bills.

15. Upon such discovery, Plaintiff immediately arranged to pay Honda for the aforementioned bills via a payment plan agreed to by Honda.

16. The payment plan was not part of the lease, rather it was a separate payment made timely by Plaintiff every month separate from the lease payments.

17. On or around October 2022, Plaintiff discovered that his credit score dropped due to being reported late for his payments to Honda.

18. Plaintiff immediately called Honda to inquire why he was being reported late as he was very careful about making timely payments throughout the duration of the lease.

19. The representative from Honda explained that due to an error in the system, Honda applied Plaintiff's earlier payments paid for the lease of the vehicle towards the amount owed for the tolls and traffic tickets.

20. Honda represented to Plaintiff that the error would be rectified.

21. However, Plaintiff's credit report continued to show the Account as late.

22. On or around April 2023, Plaintiff sent a detailed written dispute to Equifax, disputing the late reporting of Plaintiff's Account ("Dispute").

23. Despite Plaintiff's dispute of Equifax's late reporting, Equifax continued to report the Account as late and even extended the late reporting to further months.

24. Plaintiff should never have been reported late as plaintiff made all lease payments in a timely manner, as well as the resulting toll violations.

25. Plaintiff has made timely payments for his lease and only due to an error by Honda, Plaintiff's account was processed as "late" for multiple months.

26. Honda has conceded to Plaintiff that the processing of those payments as "late" was an error made by Honda.

27. However, Equifax still reported Plaintiff's account as late.

28. Honda furnished credit information about the Account to Equifax that the Plaintiff made late payments for September, October, and December of 2022 and for January, February, and March of 2023, despite Plaintiff having made those lease payments on time.

29. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

30. Plaintiff notified Equifax that he disputed the accuracy of the information it was reporting.

31. It is believed and therefore averred that Equifax sent Plaintiff's dispute to Honda.

32. Upon receipt of the dispute of the account by the Plaintiff from Equifax, Honda failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

33. Had Honda done a reasonable investigation it would have been revealed that the account was being reported inaccurately.

34. Moreover, Honda was aware that Plaintiff made those payments on time and that it was due to Honda's error that the payments were being processed as "late".

35. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

36. Equifax violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

37. Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable investigation and delete the inaccurate information within 30 days of receiving Plaintiff's Dispute(s).

38. Honda violated 15 U.S.C. § 1681s-2 (b) by failing to fully and properly investigate Plaintiff's Dispute(s).

39. Furthermore, Equifax ceased reporting the late payments at one point but then re-inserted the negative information without informing Plaintiff that it had done so.

40. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, both known and unknown.

41. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**FIRST CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Equifax)**

42. Plaintiff incorporates by reference paragraphs numbered 1-41 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

43. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

44. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

45. Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable investigation and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

46. Equifax has willfully and recklessly failed to comply with the Act.

47. The failure of Equifax to comply with the Act include but are not necessarily limited to:

   a. The failure to enact and follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   c. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

   d. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff, which was demonstrated with

    documentation with the furnisher of the information, that the information was inaccurate;

 e. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

 f. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer; and

 g. The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff with all relevant information received from the furnisher in response to a dispute.

 h. The failure to notify the Plaintiff that the negative information was being re-inserted into his credit report.

48. As described above, and as a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage as described above.

49. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

50. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

 WHEREFORE, Plaintiff, an individual, demands judgment against Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

51.     Plaintiff incorporates by reference paragraphs numbered 1-41 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

52.     This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

53.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained or furnished concerning the Plaintiff.

54.     Equifax violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file

  a. The failure to enact and follow reasonable procedures to assure the maximum possible accuracy of the information reported;

  b. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

  c. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

  d. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff, which was demonstrated with documentation with the furnisher of the information, that the information was inaccurate;

  e. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    f.   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer; and

    g.   The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

    h.   The failure to notify the Plaintiff that the negative information was being re-inserted into his credit report.

55. As described above, and as a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage as described above.

56. The conduct, action, and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

57. The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment against Equifax for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to Honda)**

58. Plaintiff incorporates by reference paragraphs numbered 1-41 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

59. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

60. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

61. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

62. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

63. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

64. Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the disputes of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

65. The furnisher continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the inaccuracies in relation to said account(s).

66. As described above, and as a result of the conduct, action, and inaction of the furnisher, Plaintiff suffered damage as described above.

67. The conduct, action, and inaction of the Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

68. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment against Honda for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Honda)

69. Plaintiff incorporates by reference paragraphs numbered 1-41 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

70. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

71. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

72. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

73. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

74. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

75. As described above, the Furnisher is liable to the Plaintiff for negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2 (b).

76. After receiving the notices of the Disputes from each Bureau, the Furnisher negligently failed to conduct its reinvestigation in good faith.

77. A reasonable investigation would require a furnisher to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

78. The conduct, action and inaction of Furnisher was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

79. As described above, and as a result of the conduct, action, and inaction of the furnisher, Plaintiff suffered damage as described above.

80. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment against Honda for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o

## DEMAND FOR TRIAL BY JURY

81. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

12

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: June 16, 2025

Respectfully submitted,

**Stein Saks, PLLC**

*/s/Yaakov Saks*
Yaakov Saks, Esq.,
Bar No. CT030021
One University Plaza, Suite 620
Hackensack, NJ 07601
T: 201-282-6500 ext 101
F: 201-282-6501
E: ysaks@steinsakslegal.com
*Attorney for Plaintiff* Johnny Morgan